**Jianhui ZOU, aka Yuan Hao Weng, aka Jian Hui Zou, Petitioner,**

v.

**Loretta E. LYNCH, United States Attorney General, Respondent.**

15–462

United States Court of Appeals, Second Circuit.

August 10, 2016

FOR PETITIONER: Dehai Zhang, Flushing, New York.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

PRESENT: JON O. NEWMAN, DENNIS JACOBS, RAYMOND J. LOHIER, JR., Circuit Judges.

## SUMMARY ORDER

Petitioner Jianhui Zou, a native and citizen of the People's Republic of China, seeks review of a January 27, 2015, decision of the BIA denying his motion to reopen his removal proceedings. *In re Jianhui Zou*, No. A079 629 714 (B.I.A. Jan. 27, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The BIA did not abuse its discretion in denying Zou's motion as untimely. Zou's 2014 motion was filed more than 90 days after the immigration judge's final administrative order, which issued in 2012 following Zou's withdrawal of his applications for withholding of removal and relief under the Convention Against Torture. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.39. Zou identified no exception to that time limitation and relied solely on the BIA's authority to reopen his removal proceedings sua sponte.

Although the agency may reopen sua sponte outside the 90-day period, *see* 8 C.F.R. § 1003.2(a), we lack jurisdiction to review that "entirely discretionary" decision, *Ali*, 448 F.3d at 518. And, although we may remand if the BIA "declined to exercise its sua sponte authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail," *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009), no such misperception occurred here. The BIA simply concluded that Zou did not demonstrate exceptional circumstances warranting reopening.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).